**MECHANICS & MERCHANTS BANK**

v.

**UNITED STATES.**

No. 209-56.

United States Court of Claims.

July 16, 1958.

Laramore, J., dissented.

Henry F. Lerch, Washington, D. C., Wilton H. Wallace and Wallace & Lerch, Washington, D. C., on the brief, for plaintiff.

Andrew F. Oehmann, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland and George Willi, III, Washington, D. C., on the brief, for defendant.

LITTLETON, Judge.

Plaintiff seeks to recover income taxes for the years 1950, 1951, 1952 and 1953, claimed to have been overpaid because of the alleged erroneous refusal of the Commissioner of Internal Revenue to allow plaintiff to take any depreciation upon certain rental income producing properties acquired by plaintiff in 1948 and 1953. There is no dispute as to any material fact and both parties have moved for summary judgment.

In 1948 and 1953, respectively, the plaintiff purchased two rental properties adjacent to the plaintiff's principal banking quarters. Both properties were then occupied by tenants and were acquired by the plaintiff for the purpose of eventually demolishing the buildings and using the land as parking lots. The taxpayer planned to continue renting the properties for an indefinite time, and up to the time of filing this suit the taxpayer was still renting the properties for the production of income. The cost to the plaintiff of the land and building acquired in 1948 was $2,000 for the land and $8,500 for the building. The cost to the plaintiff of the property acquired in 1953 was $1,700 for the land and $9,800 for the building.

Since the dates of their acquisition, both buildings have been rented and have produced rentals in excess of $5,000. This rental income has been regularly included in the bank's Federal income tax returns. The local taxing authorities have assessed the buildings separately from the land. In plaintiff's original income tax returns for the years 1950, 1951 and 1952 plaintiff claimed deductions for all expenses incurred by it in the management, conservation and maintenance of the buildings, including

depreciation. Thereafter, plaintiff filed amended returns for 1950, 1951, and 1952 in which it did not claim the depreciation deduction upon the two buildings. In its original return for 1953 plaintiff did not claim any deduction for depreciation on the two rental properties. Plaintiff paid additional taxes, plus interest, according to the amended returns for 1950, 1951 and 1952. The Commissioner of Internal Revenue had allowed plaintiff's deductions for all expenses in connection with the two rental properties except the deduction for depreciation. Plaintiff filed timely claims for refund which were denied in full by the Commissioner on January 31, 1956.

Plaintiff takes the position that under the provisions of section 23 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23 as amended, and the regulations promulgated thereunder, it was entitled to deduct not only the maintenance expenses of the buildings, but also a reasonable allowance for depreciation on such buildings which, since their purchase dates, have been used for the production of income. Defendant takes the position that although the buildings have been used for the production of income, no depreciation is allowable because the buildings were originally purchased by the taxpayer with the intention of demolishing the buildings and, accordingly, no portion of the purchase price of the land on which the buildings are located can be allocated to the buildings for the purpose of depreciation.

Section 23 of the Code provides that a reasonable allowance for the exhaustion, wear and tear of property used in trade or business, or a property held for the production of income, shall be allowed to a taxpayer as a deduction in the computation of his net income. Section 114(a) of the Code, 26 U.S.C.A. § 114 (a), provides that the basis for depreciation to be allowed shall be the adjusted basis provided for in section 113(b) of the Code, 26 U.S.C.A. § 113(b), for the purpose of determining the gain upon the sale or other disposition of the prop-

erty on which depreciation is to be taken. Section 113(a) and (b) of the Code provide that the basis shall be the cost of the properties to the taxpayer.

The defendant relies on Treasury Regulation 111, Sec. 29.23(e)–2 which deals not with depreciation but with the question of whether or not the taxpayer has sustained a deductible loss by reason of the demolition of an old building purchased for demolition and voluntarily demolished. That regulation provides that under such circumstances the taxpayer is deemed to have sustained no deductible loss and no deductible expense on account of the cost of such removal because the value of the real estate, exclusive of the old building or improvements, was presumably equal to the purchase price of the land and building, plus the cost of removing the *useless* building.

The plaintiff relies on Regulation 111 covering the two earlier years involved herein, and on Regulation 118 covering the two later years. The sections of both regulations on which plaintiff relies are identical. Section 39.23(l)–2 defines depreciation and depreciable property and provides as follows:

"The necessity for a depreciation allowance arises from the fact that certain property used in the business, or treated under § 39.23(a)–15 as held by the taxpayer for the production of income, gradually approaches a point where its usefulness is exhausted. * * * The deduction of an allowance for depreciation is limited to property used in the taxpayer's trade or business, or treated under § 39.23(a)–15 as held by the taxpayer for the production of income * * *."

Section 39.23(a)–15 provides in part as follows:

"*Similarly,* ordinary and necessary expenses incurred in the management, conservation, or maintenance of a building devoted to rental purposes are deductible notwith-

standing that there is actually no income therefrom in the taxable year, and *regardless of the* manner in which or the *purpose for which the property in question was acquired* * * *." (Italics supplied.)

In our opinion, the Regulations relied upon by plaintiff are applicable to the facts and circumstances of this case. The two buildings were acquired with the land, for the ultimate purpose of demolition, in order to provide the taxpayer with a parking area. However, it appears to have been the plan of the bank to continue to use the property as rental property for the production of income until such time as the ultimate plan of demolition could be realized. Under both the Code and the Regulations relied on by the plaintiff, a taxpayer is entitled to certain deductions for tax purposes with respect to property held for the production of income and the Commissioner has allowed all such deductions in the instant case except deductions for depreciation. In Robinson v. Commissioner, 2 T.C. 305, the taxpayer vacated her former home and attempted without success to rent it or sell it. The Tax Court held that although the taxpayer was unable to rent her property, it had been held for the purpose of producing income and the taxpayer should have been allowed to deduct the expense of maintenance of the property, as well as an allowance for depreciation.

The Government relies primarily on Lynchburg National Bank & Trust Co. v. Commissioner, 20 T.C. 670. In that case the taxpayer purchased improved real estate with the intention of immediately demolishing the building. Because of war restrictions demolition was delayed for a number of years, during which time the buildings were rented and produced income. The Tax Court held that no depreciation was allowable to the taxpayer. The major controversy in the case did not relate to the depreciation issue and, upon appeal by the taxpayer to the Fourth Circuit Court of Appeals, 208 F.2d 757, the Circuit Court decided the major controversy, but declined to pass upon the item of depreciation because, the court said, that "item is so trivial * * * the recomputation of the tax upon this ground alone would not be worth the effort involved." at page 759. In reaching its decision, the Tax Court cited only Section 29.23 (e)–2 of Regulation 111 dealing with demolition losses. The Tax Court did not mention the two sections of the Regulations which deal with depreciation.

It may be that the section of the Regulations relied on by the defendant and the two sections of the Regulations relied on by the plaintiff are to a certain extent conflicting. We need not resolve that conflict, if any, in the instant case, because the plaintiff is not claiming a loss on the demolition of a building acquired for the purpose of demolition, but used for a period as income producing property. The sections of the Regulations relied on by the taxpayer clearly cover the circumstances of its claims and we are of the opinion that under the circumstances of this case plaintiff is entitled to deduct depreciation computed on the basis of the cost of the property to taxpayer for the years in question.

Plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. Plaintiff is entitled to recover, together with interest as provided by law, and judgment will be entered to that effect. The amount of judgment will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

LARAMORE, Judge (dissenting).

The majority rely on the sections of the Commissioner's regulations which allow a deduction for expenses and depreciation on property held for the production of income. I agree that these

sections are applicable to the property in the instant case, but I do not, however, agree that they provide the grounds upon which recovery can be had.

It is axiomatic in the law of income taxation that in order to obtain a deduction for depreciation there must be an asset which has a tax basis capable of being depreciated. Section 23(n) of the Internal Revenue Code of 1939 requires that the basis upon which depreciation is to be computed with respect to any property shall be as provided in section 114. Turning to section 114(a) it states that the basis for depreciation shall be the adjusted basis for determining gain or loss from the sale or other disposition of the property. The question then is what is the basis of this property for the purpose of determining the gain or loss from its sale or other disposition.

Section 113 says that the basis for determining gain or loss is the cost subject to adjustments not here material. It necessarily follows that in order to have a depreciation basis some part of the purchase price must be allocable to the depreciable asset; *i. e.,* buildings. It has been held, and the regulations so provide, that where a taxpayer purchases property with the intention of demolishing the improvements thereon the entire purchase price is considered allocated to the value of the land. Lynchburg National Bank & Trust Co. v. Commissioner, 20 T.C. 670, affirmed 4 Cir., 208 F.2d 757. Since land is not a depreciable asset, and none of the cost is assigned to the improvements, there is no tax basis upon which a deduction for depreciation could be based.

The regulations relied on by the majority do not purport to provide a tax basis to property but merely allow a deduction for depreciation where the basis already exists. It follows that since the buildings have a tax basis of zero, there is nothing from which a depreciation deduction could be allowed under the law and regulations.